J-S21042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CODY OSLER, | |
| Appellant | No. 2035 EDA 2015 |

Appeal from the PCRA Order June 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005602-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:　　　　　**FILED FEBRUARY 12, 2016**

Appellant Cody Osler appeals from the order entered on June 22, 2015, by the Honorable Rose Marie Defino-Nastasi in the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA")[1] as untimely.  We affirm.

On August 2, 2012, Appellant entered into a negotiated guilty plea in four separate matters to the following crimes: one count each of third degree murder, possession of an instrument of crime, robbery, and terroristic threats; two counts of burglary; and three counts of theft.[2]  That same day, Appellant received an aggregate sentence of twenty-five to fifty

---

[1] 42 Pa.C.S.A. §§ 9541-46.
[2] 18 Pa.C.S.A. §§ 2502(c), 907(b), 3701, 2706, 3502, and 3921(c), respectively.

*Former Justice specially assigned to the Superior Court.

years in prison in accordance with the plea agreement. Appellant did not file a post sentence motion or a direct appeal.

On November 26, 2013, Appellant filed his first PCRA petition *pro se* wherein he claimed trial counsel had been ineffective and that his plea had been unlawfully induced. On April 9, 2014, Appellant filed a memorandum of law in support of his PCRA petition. Counsel was appointed on May 22, 2014, and on August 21, 2014, he filed a **Turner**/**Finely** "no-merit" letter along with a motion to withdraw as counsel.[3] Counsel was permitted to withdraw, and on October 6, 2014, current counsel was appointed to represent Appellant. Counsel filed an amended PCRA petition raising claims of trial counsel's ineffectiveness and averring that Appellant's guilty plea was not made intelligently, knowingly, or voluntarily due to his alleged mental illness. The Commonwealth filed an answer, and on May 21, 2015, the PCRA court held an evidentiary hearing. Following the hearing, the PCRA court found the PCRA petition was untimely and that Appellant had failed to plead and prove any of the exceptions to the time-bar. Appellant's PCRA petition was formally dismissed on June 22, 2015. On June 25, 2015, Appellant filed an appeal with this Court.

On appeal, Appellant presents the following questions for our review:

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

I.      Whether the Trial Court erred in not granting Appellant's PCRA Petition because Appellant's Guilty Plea was not made intelligently, knowingly or voluntarily because of his severe mental illness.

II.     Whether the Trial Court erred in not granting Appellant's PCRA Petition because Appellant's Counsel was ineffective for failing to litigate a motion to suppress.

III.    Whether the Trial Court erred in not granting Appellant's PCRA Petition because Appellant's Counsel was ineffective for failing to call expert testimony as to his mental illness.

IV.     Whether the Trial Court erred in not granting Appellant's PCRA Petition because Appellant was not competent and not sane at the time of the alleged crime and therefore it would be impossible for him to be guilty, and thus impossible for him to plead guilty.

V.      Whether the Trial Court erred in not granting Appellant's PCRA Petition because Appellant was not competent at the time of his guilty plea and therefore it would be impossible for him to plead guilty.

Brief for Appellant at 4.

Preliminarily, we must determine whether Appellant's PCRA petition was timely filed, for it is well-settled that a trial court lacks jurisdiction to entertain an untimely petition. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003). Our standard of review of the denial of PCRA relief is whether the PCRA court's order is supported by the record and without legal error. ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008).

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent one, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed to be final "at the conclusion

- 3 -

of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review."  42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused.  42 Pa.C.S.A. § 9545(b)(1).  To invoke an exception, a petition must allege and the petitioner must prove:

> (i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies."  ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008) (citations omitted).

Instantly, Appellant was sentenced on August 2, 2012, and failed to file a direct appeal.  Therefore, Appellant's judgment of sentence became final thirty days thereafter on September 2, 2012.  ***See*** 42 Pa.C.S.A. §

9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review. . . or at the expiration of time for seeking the review"); Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal. . . shall be filed within 30 days after the entry of the order from which the appeal is taken).  Accordingly, Appellant had until September 2, 2013, to file a timely PCRA petition unless he could plead and prove the application of one of the listed exceptions.  *See id*. § 9545(b)(1).

Although in his brief Appellant maintains he timely filed the instant PCRA petition on November 26, 2013, in light of the foregoing, his petition is patently untimely.  As such, it became incumbent upon him to specifically plead and prove the applicability of one or more of the enumerated exceptions to the timeliness requirements of the PCRA in order to invoke the jurisdiction of the PCRA court.  *Commonwealth v. Cristina*, 114 A.3d 419, 421 (Pa.Super. 2015).  However, Appellant did not do so and instead asserted a number of claims to the effect that his guilty plea was not voluntary and knowing due to his history of mental illness. "[T]he general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." *Commonwealth v. Monaco*, 996 A.2d 1076, 1081 (Pa.Super. 2010). Therefore, we agree with the PCRA court that his petition is untimely and that the PCRA court and this Court are without jurisdiction to address

Appellant's claims.  Accordingly, we affirm the PCRA court's June 22, 2015, order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/12/2016