J-S55033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DESMOND MARTIN, | |
| Appellant | No. 3031 EDA 2015 |

Appeal from the PCRA Order September 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009280-2007

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **Filed: July 1, 2016**

Appellant appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history are as follows: On June 7, 2007, at approximately 10:00 p.m., the victim awoke to find Appellant, who was holding a weapon, standing in her bedroom. After binding the victim's hands and feet, Appellant raped the victim. He then located the victim's pocketbook, took her ATM card, and coerced her into telling him the PIN number. Appellant threatened to return if the PIN number was incorrect, and after he left, the victim jumped out of her bedroom window and ran to a neighbor's house.

_____
*Former Justice specially assigned to the Superior Court.

The victim gave a recorded statement to police wherein she unambiguously identified Appellant, with whom she had once resided, as her rapist. The victim's sexual assault kit was positive for the presence of spermatozoa. Laboratory tests revealed that swabs from the victim's vulva were positive for the presence of Appellant's DNA. The victim later discovered that, on June 8, 2007, two unauthorized ATM withdrawals were made from her account.

On April 4, 2008, a jury convicted Appellant of numerous offenses, including rape, burglary, and robbery,[1] and on July 15, 2008, the trial court sentenced him to an aggregate of twenty years to forty years in prison, to be followed by a ten-year term of probation. Appellant filed a timely direct appeal, and this Court affirmed his judgment of sentence. *Commonwealth v. Martin*, 2549 EDA 2008 (Pa.Super. filed 10/20/09) (unpublished memorandum). On April 27, 2010, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Martin*, 693 EAL 2009 (Pa. filed. 4/27/10) (*per curiam* order). Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.

Meanwhile, on or about December 11, 2009, while his petition for allowance of appeal was pending, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel and the petition was held in abeyance until

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3502(a), and 3701(a)(1), respectively.

- 2 -

after the Supreme Court denied Appellant's petition for allowance of appeal. Thereafter, on December 6, 2011, PCRA counsel filed a petition seeking to withdraw his representation. After giving notice of its intent to dismiss, the PCRA court denied Appellant's PCRA petition and granted counsel permission to withdraw. On appeal, this Court affirmed the PCRA court's order denying relief. *Commonwealth v. Martin*, 2220 EDA 2012 (Pa.Super. filed 9/26/14) (unpublished memorandum).

On January 15, 2015, Appellant filed a second *pro se* PCRA petition, which he amended on June 26, 2015, and July 7, 2015. By order entered on August 24, 2015, the PCRA court provided Appellant with notice of its intent to dismiss the petition, and Appellant filed a *pro se* response. By order entered on September 22, 2015, the PCRA court dismissed Appellant's second PCRA petition. This timely appeal followed.

On appeal, Appellant presents the following issues:

1. Did [the] PCRA court fail to consider PCRA counsel['s] ineffectiveness before dismissing Appellant's PCRA [petition]?

2. Did [the] PCRA court error [*sic*] in dismissing Appellant['s] PCRA [petition] because the evidence presented was newly discovered?

3. Did [the] trial court sentence Appellant to a mandatory minimum sentence?

Appellant's Brief at iii.

Preliminarily, we must determine whether Appellant's second PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50

(Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline. Our Supreme Court has held that any petition invoking an exception must show due diligence insofar as the petition must be filed within 60 days of the date the claim could have first been presented. ***Commonwealth v. Edmiston***, 619 Pa. 549, 65 A.3d 339 (2013). ***See*** 42 Pa.C.S.A. § 9545(b)(2).

In the case *sub judice*, Appellant was sentenced on July 15, 2008, and this Court affirmed his judgment of sentence on October 20, 2009. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on April 27, 2010. Thereafter, Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. Therefore, Appellant's judgment of sentence became final ninety days later, on July 26, 2010, when the time for seeking *certiorari* from the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (indicating when judgment of

sentence becomes final); U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case. . .is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[ ]"). Thus, Appellant had until July 26, 2011, to file a timely PCRA petition; however, Appellant filed the instant PCRA petition on January 15, 2015, and, therefore, it is patently untimely under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 753 A.2d 780 (2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar).

Appellant attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(ii) on the basis that, after he recently received his file from trial counsel, he discovered a notation indicating the existence of a video surveillance tape, which depicted an individual making a withdrawal from an ATM machine using the victim's ATM cards. He also discovered the file contained a copy of the police's interview of Appellant's friend, Julien Williams, verifying that Williams "could not recognize who was using the ATM card 'but [he] really [couldn't] see the faces.'" Appellant's Brief at 4. Appellant discovered trial counsel's file contained a copy of the police evidence log stating "ATM video sent to DA for enhancement." ***Id.*** Appellant avers that what he "only speculated before was now tangible." ***Id.***

The Supreme Court has previously explained that the newly-discovered fact exception in Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were "facts" that were "unknown" to him and that he could not have ascertained those facts by the exercise of "due diligence." *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1270-72 (2007). A petitioner must allege and prove previously unknown "facts," not merely a newly discovered or newly willing source for previously known facts. *Marshall*, *supra*.

Moreover, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super. 2011) (citations omitted).

In the case *sub judice*, with regard to the initial 60-day threshold, we note that Appellant has not sufficiently demonstrated when he received trial counsel's file, thus "discovering" the "facts" at issue.[2] Moreover, Appellant

_____

[2] Appellant alleges that, in April 2012, a correctional officer intercepted his receipt of his legal documents, and therefore, "Appellant reached out to his old trial counsel via his grandmother" to get a copy of the file. Appellant's Brief at 4. However, Appellant has provided no further information as to when this occurred.

Moreover, we note that, with regard to the correctional officer's alleged interception of Appellant's legal documents, Appellant suggests he is entitled to the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(i) pertaining to interference by a government official. In this regard, he avers

*(Footnote Continued Next Page)*

has not shown that he exercised due diligence in securing trial counsel's file. Accordingly, he has not met his burden under Section 9545(b)(2). **_See Edmiston_**, **_supra_**; 42 Pa.C.S.A. § 9545(b)(2).

Moreover, assuming, _arguendo_, Appellant met the initial 60-day threshold with regard to this exception, we conclude Appellant has not otherwise proven his entitlement to the timeliness exception of Section 9545(b)(1)(ii). Appellant suggests that he did not know of the existence of the video surveillance tape of the ATM machine until after he reviewed trial counsel's file. However, the record reveals that Appellant had reason to believe the video surveillance tape existed well before he filed the instant PCRA petition.

For instance, Appellant admits in his appellate brief that, prior to trial, the police informed him they had the video surveillance tape of the ATM machine, but Appellant thought it was "just a tactic" to get him to confess. Appellant's Brief at 5. Moreover, Appellant claimed in his first PCRA petition that trial counsel was ineffective in failing to introduce the video surveillance tape at trial, and the PCRA court found counsel was not ineffective "in failing

_(Footnote Continued)_ ────────────────

the seizure of his legal documents by the correctional officer in April 2012 resulted in his inability to prove the existence of the video tape. We dispose of this claim by noting that, inasmuch as Appellant filed his second PCRA petition on January 15, 2015, Appellant has not demonstrated he raised his concerns regarding the alleged interference by the correctional officer within 60 days of the date the claim could first have been presented. **_Edmiston_**, **_supra_**.

to use [the] ATM video to prove Appellant's innocence" because Appellant failed "to plead or demonstrate that such a video exists or, moreover, that he [was] prejudiced by counsel's omission." PCRA Court Opinion, filed 10/31/12, at 10. On appeal, this Court agreed with the PCRA court as to this issue, noting specifically that Appellant presented "bare assertions" and did not prove the existence of the video tape. *Martin*, 2220 EDA 2012, at 9-10.

Accordingly, the record is clear that, prior to the filing of the instant PCRA petition, Appellant, at the very least, suspected that a video surveillance tape of the ATM machine existed.[3] Presently, he fails to explain why he could not have ascertained proof of the existence of the video tape and/or a copy of the tape earlier by the exercise of "due diligence." Thus, Appellant has not demonstrated he is entitled to Section 9545(b)(1)(ii)'s timeliness exception.[4]

_____

[3] We note the Commonwealth argues that, not only was Appellant aware prior to trial that the video surveillance tape existed, but that the video tape was turned over to defense counsel during pre-trial discovery. *See* Commonwealth's Brief at 13. Assuming, *arguendo*, the Commonwealth's assertion is accurate, we note that Appellant's "discovery" of the existence of the video tape via review of his trial counsel's notes and documents constitutes, at most, a newly discovered source of evidence of the existence of the video surveillance tape.

[4] Appellant attempts to interweave concepts of ineffective assistance of counsel and newly-discovered evidence as a means of establishing jurisdiction. However, "[t]his Court has stated previously that a claim for ineffective assistance of counsel does not save an otherwise untimely

*(Footnote Continued Next Page)*

Appellant also attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(iii) relating to a new constitutional right that applies retroactively. Specifically, he avers his sentence is illegal under *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). Inasmuch as *Alleyne* was decided on June 17, 2013, and Appellant did not file his second PCRA petition until January 15, 2015, we conclude that Appellant has not pled or proven that he presented his claim within 60 days of the date the claim could first have been presented. *See Edmiston*, *supra*.

For all of the foregoing reasons, we affirm the PCRA court's dismissal of Appellant's second PCRA petition.

Affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2016

*(Footnote Continued)* _____

petition for review on the merits." *Commonwealth v. Ward-Green*, ___ A.3d ___, 2016 WL 3223507, *7 (Pa.Super. filed 6/10/16) (quotation omitted). Accordingly, Appellant's attempts at arguing he discovered his previous PCRA counsel was ineffective upon review of trial counsel's file is not a newly-discovered "fact" entitling Appellant to the benefit of Section 9545(b)(1)(ii)'s exception. *See Gamboa-Taylor*, *supra*.