J-S56039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY STRICKLAND, | |
| Appellant | No. 65 MDA 2016 |

Appeal from the PCRA Order December 30, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005034-2007

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:　　　　　　**FILED JULY 13, 2016**

Appellant Gregory Strickland appeals *pro se* following the Order entered in the Court of Common Pleas of Lancaster County on December 30, 2015, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Upon our review of the record, we affirm.

On March 8, 2010, following a jury trial, Appellant was convicted *in absentia* of criminal use of a communication facility, two counts of hindering apprehension, and obstructing administration of law enforcement.[2] On August 27, 2010, the trial court sentenced appellant *in absentia* to an aggregate term of nine years to twenty-three years in prison. His post-sentence motion was denied on September 3, 2010, and Appellant filed a

---

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. §§ 7512, 5105(a)(2) and (5), and 5101, respectively.

*Former Justice specially assigned to the Superior Court.

timely notice of appeal with this Court wherein he averred the sentence imposed was manifestly excessive and that the trial court had erred in failing to suppress statements he had made to police on the basis that his alleged intoxication rendered the statements involuntary. Finding no merit to these claims, this Court affirmed his judgment of sentence on February 16, 2012, in an unpublished memorandum decision. ***Commonwealth v. Strickland***, 43 A.3d 513 (Pa.Super. 2012) (unpublished memorandum). Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court.

On May 8, 2012, Appellant filed a timely PCRA petition, *pro se*, and counsel was appointed. On August 22, 2012, Appellant filed an amended PCRA petition wherein he averred trial counsel had been ineffective for failing to file a petition for allowance of appeal with the Pennsylvania Supreme Court. The trial court granted the requested relief on October 10, 2012, and reinstated Appellant's right to petition for allowance of appeal. On November 9, 2012, Appellant filed his petition with our Supreme Court, and that petition was denied on June 11, 2013.

Appellant timely filed the instant PCRA petition, *pro se*, on March 7, 2014. New counsel was appointed and filed an Amended PCRA Petition on September 12, 2014, wherein he identified one meritorious issue that had not yet been litigated, namely, whether both trial counsel and PCRA counsel had been ineffective for failing to raise the issue of whether Appellant's trial

properly had been held *in absentia* when he failed to appear.[3] A PCRA evidentiary hearing was held on February 2, 2015, at which time PCRA counsel requested that six, additional issues Appellant wished to raise be explored as part of the hearing.[4] Following the hearing and upon finding that the additional issues raised at the hearing lacked merit and were largely addressed in the context of Appellant's motion for post-sentence relief and in his direct appeal, the trial court denied Appellant's PCRA petition.

Appellant filed a timely notice of appeal with this Court on January 14, 2016, and an application to proceed *pro se* on January 27, 2016. Subsequently, this Court entered an order on January 27, 2016, wherein we directed the trial court to conduct an on-the-record inquiry to determine

_____

[3] Appellant maintained "acute medical issues" prevented him from attending the trial. **See** Amended Petition for Post Conviction Relief, filed 9/12/14, at ¶ 20.
[4] The trial court summarized these issues as follows:

> 1) Impermissible hearsay that occurred during trial but not properly preserved and addressed by Trial Counsel on direct appeal; 2) the lack of a current presentence investigation used at the time of [Appellant's] sentencing; 3) Trial Counsel's failure to raise issued regarding credibility of a Commonwealth witness at trial; 4) the use of a digital camera by law enforcement that was prejudicial and impermissible to [Appellant]; 5) Attorney Hobie Crystal's representation of [Appellant] at his preliminary hearing and a conflict of interest regarding Mr. Crystal's representation of [Appellant's] wife and co-defendant; and 6) a letter sent by PCRA Counsel to [Appellant] stating that the trial judge had recused herself from [Appellant's] case.

Trial Court Opinion, filed 12/30/15, at 3.

whether Appellant wished to proceed with the assistance of PCRA counsel or *pro se*; if Appellant chose the latter route, we further instructed the trial court to determine whether Appellant's waiver of counsel had been knowing, intelligent, and voluntary under ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1988). We indicated that the trial court should notify this Court, in writing, within thirty days of its course of action and its subsequent findings. The trial court complied and in its order of February 19, 2016, indicated that following a ***Grazier*** hearing, it was satisfied Appellant's decision to proceed *pro se* was knowing, intelligent and voluntary and suggested that this Court grant his application to proceed *pro se*. In light of the trial court's order, this Court entered an order on March 2, 2016, granting Appellant's January 27, 2016, application to proceed *pro se*.

In his brief, Appellant presents the following Statement of Questions Involved:

> 1. Whether the Appellant was denied due process by the egregious bad acts of several issues of prosecutorial misconduct?
>
> 2. Whether the Appellant due process was denied because he did not have the right to an impartial judge?
>
> 3. Whether the several hearsay statements that was deemed by the court prejudicial but not inadmissible, a violation of the Appellant's due process and shows the extreme bias, ill-will, partiality and prejudice against the Appellant because Appellant was tried in absentia and could not cross examine the veracity of the statements of witnesses that were all available?
>
> 4. Whether all of my previous counsel's [sic] were ineffective assistance of counsel, Herbert Moss Crystle pretrial, Michael V.

- 4 -

Marinaro trial, and the two PCRA counsels. R. Russell Pugh and Roger C. Renteria all failed the Appellant by failure to pursue available avenues of appellate review and Appellant avers all attorneys abandoned the Appellant in violation of the rules and case law?

5. Whether the trial court applied bias and ill-will to the Appellant by imposing a punishment so wildly out of proportion to the offense that it should not be allowed to stand because of the Draconian nature and egregious prejudice applied to the Appellant?

Brief for Appellant at 1 (random capitalization omitted).

"Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.A. § 9543(a)(2). These circumstances include a violation of the Pennsylvania Constitution or the United States Constitution and ineffective assistance of counsel which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). In addition, a petitioner must establish that the claims of error he raised in the PCRA petition have "not been previously litigated or waived," and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of

any rational, strategic or tactical decision by counsel." 42 Pa.C.S.A. § 9543(a)(3) and (4). An issue has been waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or [] it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(2). *See also Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015).

In addition, in cases wherein an appellant raises a claim of trial error under the guise of an ineffective assistance of counsel claim, our Supreme Court has cautioned:

> PCRA claims are not merely direct appeal claims that are made at a later stage of the proceedings, cloaked in a boilerplate assertion of counsel's ineffectiveness. In essence, they are extraordinary assertions that the system broke down. To establish claims of constitutional error or ineffectiveness of counsel, the petitioner must plead and prove by a preponderance of evidence that the system failed (*i.e.,* for an ineffectiveness or constitutional error claim, that in the circumstances of his case, including the facts established at trial, guilt or innocence could not have been adjudicated reliably), that his claim has not been previously litigated or waived, and where a claim was not raised at an earlier stage of the proceedings, that counsel could not have had a rational strategic or tactical reason for failing to litigate these claims earlier.

*Commonwealth v. Rivers*, 567 Pa. 239, 249, 786 A.2d 923, 929 (2001).

As a prefatory matter, we note that Appellant's *pro se* brief is a photocopy which spans eighty-eight handwritten pages. On many of those pages, several words are completely or partially omitted due to uneven photocopying. In addition, while Appellant purports to divide his argument to coincide with each of his numbered issues, his discussion is comprised of disjointed, often repetitive and overlapping statements.

> [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. For example,
>> The argument [section] shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part-in distinctive type or in type distinctively displayed-the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
>
> Pa.R.A.P. 2119(a). In the instant case, the defects in Appellant's brief are substantial.... **See** Pa.R.A.P. 2116, 2119. Appellant's ... argument is rambling, repetitive and often incoherent. *See* Pa.R.A.P. 2119. Nonetheless, in the interest of justice we address the arguments that can reasonably be discerned from this defective brief.

**Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa.Super. 2003), *appeal denied,* 583 Pa. 695, 879 A.2d 782 (Pa. 2005) (case citation omitted). As did the **Lyons** court, in the interest of justice, we shall address the arguments that reasonably may be construed from Appellant's brief. **See** *id.* However, before we can address Appellant's issues on the merits, we must first determine whether they have been previously litigated and

- 7 -

whether Appellant properly preserved them for appeal and, if so, whether they are cognizable for the purposes of collateral review.

At the outset, we find Appellant has waived his first three issues, as he could have raised them on direct appeal but failed to do so. Moreover, Appellant could have raised these challenges in his prior PCRA petition wherein he requested, and was granted, the opportunity to seek allocator with our Supreme Court. Appellant does not allege that his failure to raise these claims with the trial court was a result of ineffective assistance of counsel.

In addition, Appellant's fourth issue challenges the discretionary aspects of his sentence which was the focus of this Court's analysis in our January 6, 2012, memorandum decision wherein we find this claim lacked merit. *Commonwealth v. Strickland*, No. 103 MDA 2011, unpublished memorandum at 5. (Pa.Super. filed January 6, 2012). Our Supreme Court denied Appellant's petition for allowance of appeal following our decision, and Appellant does not couch this challenge in terms of counsel's ineffectiveness. "[T]he fact that a petitioner presents a new argument or advances a new theory in support of a previously litigated issue will not circumvent the previous litigation bar." *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa.Super. 2010) citing *Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). As such, this issue has been previously litigated by a

previous panel of this Court and is not cognizable under the PCRA. 42 Pa.C.S.A. 9544(a)(2).

Appellant's fourth issue generally challenges the assistance of all prior counsel. When considering whether counsel were ineffective, we are mindful that "[i]t is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Koehler***, 614 Pa. 159, 36 A.3d 121, 132 (2012) (citing ***Strickland v. Washington***, 466 U.S. 688, 687-91 (1984)). To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." ***Commonwealth v. Sneed***, 616 Pa. 1, 17, 45 A.3d 1096, 1106 (2012) (quoting ***Commonwealth v. Pierce***, 567 Pa. 186, 786 A.2d 203, 213 (2001)). The failure to satisfy any one of the prongs will cause the entire claim to fail. ***Id***.

While Appellant frames this issue in his Statement of Questions Presented in terms of all prior counsel's failure to seeks proper appellate review, we note that Appellant was granted the opportunity to file a petition for allowance of appeal with our Supreme Court *nunc pro tunc* which remedied any failure in this regard. Also, while Appellant seeks relief in light

of prior counsel's abandonment of him, PCRA counsel filed an amended petition on his behalf, and Appellant filed a petition to proceed *pro se* with this Court, which the trial court determined had been done knowingly and voluntarily.

Appellant sprinkles the argument portion of his brief with disjointed claims of various counsel's ineffectiveness. For example, he asserts that preliminary hearing counsel was ineffective for permitting Appellant to waive his preliminary hearing, for representing his co-defendant wife and for failing to properly deal with alleged prosecutorial misconduct surrounding a digital camera. Brief for Appellant at 17-20. Appellant did not assert such challenges in his PCRA petition. As such, they are arguably waived for failure to raise them below. 42 Pa.C.S.A. § 9544(b). The same is true for Appellant's averments that trial counsel had been ineffective for signing continuances without his consent, for failing to conduct a pre-trial investigation and to object to allegedly erroneous jury instructions. Appellant's Brief at 21-28.

To the extent these averments may be deemed preserved as having been raised before the trial court during the PCRA hearing held on February 2, 2015, Appellant had failed to develop a meaningful analysis by applying the **Pierce** test to PCRA counsels' performance. Indeed, Appellant provides a single citation to **Pierce** on page 84 of his appellate brief. While Appellant further asserts that PCRA counsel had been ineffective for various reasons,

- 10 -

Appellant's Brief at 28-32, 83-85, he similarly fails to employ a *Pierce* analysis. Thus, these claims lack merit.

At the PCRA hearing held on February 2, 2015, PCRA counsel developed the issue asserted in Appellant's amended PCRA petition of whether trial counsel and first PCRA counsel had been ineffective for failing to appeal the trial court's decision to hold Appellant's trial *in absentia*. However, in his appellate brief, Appellant seems to abandon this argument for lack of development, although it is encompassed in his third question set forth for this Court's for review. Therefore, to the extent Appellant has attempted to pursue this claim in his appellate brief, the Honorable Margaret C. Miller sitting as the trial court, has authored a thorough and well-reasoned analysis of this issue, citing to the record and relevant caselaw and carefully detailing her reasons for finding that Appellant is not entitled to PCRA relief for ineffective assistance of counsel in this regard. Trial Court Opinion, filed 12/30/15, at 3-8. We find no error in the trial court's analysis and further find that Appellant has failed to establish any prong of the *Pierce* test. As such, Appellant is not entitled to relief. *See Sneed*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/2016