**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Donald S. WOJTASZEK, Appellant.**

Superior Court of Pennsylvania.

Submitted April 21, 2008.

Filed June 2, 2008.

Chris R. Eyster, Pittsburgh, for appellant.

Thomas P. Leiden, Assistant District Attorney, Ebensburgh, for Commonwealth, appellee.

BEFORE: STEVENS, BOWES, JJ., and McEWEN, P.J.E.

OPINION BY STEVENS, J.:

¶ 1 Appellant, Donald Wojtaszek, appeals from an order of the Court of Common Pleas of Cambria County, denying his second Post Conviction Relief Act (PCRA)[1] petition. Lacking jurisdiction to hear this claim, we affirm the order.

¶ 2 On May 15, 1996, Appellant was convicted of harassment, stalking, recklessly endangering another person, aggravated assault, intimidation of a witness or victim, and impersonating a public servant. He was sentenced to serve five to twelve and one half years' imprisonment for aggravated assault, a concurrent one to two years' imprisonment for reckless endangerment, a concurrent one to two years' imprisonment for intimidation of a witness or victim, a consecutive one and one half to three years' imprisonment for harassment, and a concurrent three years' probation for each of two impersonating a public servant convictions. A panel of this Court affirmed the sentences on July 29, 1997, with the exception of the two probationary periods.[2]

---

1. 42 Pa.C.S. §§ 9541–9546.

2. The probationary periods were subsequently reduced from three years each to two years

¶ 3 Appellant sought appeal before the Pennsylvania Supreme Court, but his request was denied on January 7, 1998. He did not attempt to pursue the matter to the United States Supreme Court, choosing instead to file a *pro se* PCRA petition on January 6, 1999. Counsel was subsequently appointed and the petition was amended. On May 18, 2001, the amended PCRA petition was denied, and that decision was affirmed by a panel of this Court on August 20, 2002. Appellant sought review before the Pennsylvania Supreme Court, which denied his request on March 31, 2003. Appellant did not attempt to appeal the decision to the United States Supreme Court.

■ ¶ 4 On March 22, 2007, Appellant filed a second PCRA petition,[3] *pro se*, alleging that it was error for the trial court to sentence him outside the aggravated range established by the sentencing guidelines because the reasons for the upward deviation were not proven beyond a reasonable doubt. PCRA petition at 5 (*citing Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007)). Appellant further asserted that his second PCRA petition was timely filed because it was filed within 60 days of the "new rule of law" announced by *Cunningham*. PCRA petition at 5.

¶ 5 On April 4, 2007, the PCRA Court filed a Notice pursuant to Pa.R.Crim.P. 907(1), indicating that it intended to dismiss Appellant's second PCRA petition without a hearing, and on May 1, 2007, the court did so. Appellant now appeals the PCRA court's decision, and we address that appeal under established precedent.[4]

■ ¶ 6 "Our standard of review is whether the PCRA court's order is supported by the record and free of legal error." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa.2007) (citation omitted). Here, we must determine the propriety of the PCRA court's conclusion that Appellant's second PCRA petition was untimely. "A PCRA petition, including a second or subsequent one, must normally be filed within one year of the date the judgment becomes final, unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Id.* 941 A.2d at 648 (*citing* 42 Pa.C.S. § 9545(b)(1)(i)-(iii); 42 Pa.C.S. § 9545(b)(2)) (footnote omitted).[5] "A judgment becomes final at the conclusion of

---

each on February 17, 1999. Appellant did not appeal this modification.

3. Although Appellant's second PCRA petition was not time stamped until March 23, 2007, it was post-marked on March 22, 2007, and is therefore deemed filed on that date. Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing. *Commonwealth v. Wilson*, 911 A.2d 942, 944 n. 2 (Pa.Super.2006).

4. Appellant has filed a timely Statement of Matters Complained of on Appeal, and the PCRA court has responded with a Rule 1925(a) Opinion.

5. The pertinent portions of Section 9545(b) direct as follows:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . .

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)(iii), (2).

direct review, including discretionary review, or at the expiration of time for seeking such review." *Id.* 941 A.2d at 649, note 5 (*citing* 42 Pa.C.S. § 9545(b)(3)). "The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." *Id.,* 941 A.2d at 648–649 (citations omitted).

¶ 7 In the instant case, the Pennsylvania Supreme Court's refusal to hear Appellant's challenge to the affirmation of his sentence was filed on January 7, 1998. Appellant then had 90 days in which he could have sought a writ of certiorari with the United States Supreme Court. Because Appellant did not do so, his judgment of sentence became final on April 7, 1998, at the expiration of that 90 day period. U.S. Sup.Ct. Rule 13.

¶ 8 Although Appellant's second PCRA petition was thus unquestionably filed more than one year after April 7, 1998, Appellant urges us to find it timely pursuant to Section 9545(b)(1)(iii). Appellant's brief at 12 (*citing Cunningham, supra.)*[6]

Subsection (iii) of Section 9545[ (b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Copenhefer,* 941 A.2d at 649–650 (citing *Commonwealth v. Abdul–Salaam,* 571 Pa. 219, 812 A.2d 497 (2002)).

¶ 9 Despite the clear requirements that the constitutional right asserted be new, and held to apply retroactively, Appellant provides no supporting argument or citation to pertinent authority that *Cunningham* announces a new right, and further, makes no claims whatsoever that such a right applies retroactively. Instead, he baldly asserts that *"Cunningham* recognizes a constitutional right under the Sixth Amendment and thus the one year filing period under the PCRA does not apply to [Appellant]." Appellant's brief at 12.

¶ 10 Even without the aid of cogent argument from Appellant, it is clear that he cannot rely on *Cunningham* to meet the time bar exception of Section 9545(b)(iii), since the case neither announces a new

---

6. *Cunningham* was filed on January 22, 2007. To date, it has been cited by only one published Pennsylvania Superior Court case, *Commonwealth v. Lane,* 941 A.2d 34 (Pa.Super.2008) (*en banc*), and no published Pennsylvania Supreme Court cases. In *Lane, Cunningham* is cited by the majority for the proposition that "[w]here a judge has the authority genuinely to exercise broad discretion within a statutory range, there is no Sixth Amendment constraint upon the exercise of that discretion," and to support the conclusion that "[b]ecause [42 Pa.C.S.A. § 9714] does not mandate imposition of a life sentence and allows for the exercise of discretion within a statutory range, it provides for the type of genuine discretion which permits judicial fact-finding without violation of the Sixth or Fourteenth Amendments." *Lane,* 941 A.2d at 36 (*citing Cunningham,* 127 S.Ct. at 871).

constitutional right, nor applies retroactively.[7]

¶ 11 As the PCRA Court correctly found, "the holding in [*Cunningham* ] does not recognize a right (but rather applies the established precedent of *Apprendi v. New Jersey*, [530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)] and cases following it). . . ." PCRA Court's Rule 907(1) Notice filed 4/4/07. In *Apprendi*, the United States Supreme Court found that under the 6th Amendment to the United States Constitution, any fact (other than a prior conviction) that exposes a defendant to a sentence in excess of the statutory maximum, must be (1) found by a jury, not a judge, and (2) must be proven beyond a reasonable doubt, not just by a preponderance of the evidence. *Cunningham*, 127 S.Ct. at 864 (*citing Apprendi*, 120 S.Ct. at 2348).

¶ 12 Four years after *Apprendi* was decided, the United States Supreme Court reaffirmed its holding in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applying *Apprendi* to facts permitting a sentence in excess of the standard range under a state's sentencing scheme. *Cunningham*, 127 S.Ct. at 864. A year after the *Blakely* decision, *Apprendi* was again reaffirmed by the United States Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which applied *Apprendi* to facts triggering a sentence range elevation under the then-mandatory Federal Sentencing Guidelines, and made those guidelines advisory. *Cunningham*, 127 S.Ct. at 864.

¶ 13 The specific question presented in *Booker* was "[w]hether the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact . . . that was not found by the jury or admitted by the defendant." *United States v. Grier*, 475 F.3d 556, 565, (3d Cir.Pa.2007) (*citing* Petition for a Writ of Certiorari, *Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621).

[T]he same question was answered in [*Cunningham*]. *Cunningham*, like *Booker*, considered a mandatory sentencing regime under the Sixth Amendment and found that California's sentencing scheme, which required a judge to sentence a defendant to a middle range unless she conducted additional fact-finding, violated the Sixth Amendment as elucidated in *Apprendi*, *Blakely* and *Booker*. . . . *Cunningham* reinforces the Supreme Court's recent holdings regarding a defendant's right to a jury determination of any fact that increases his sentence beyond the statutory maximum. . . .

*Grier*, 475 F.3d at 565. *See also United States v. Williamson*, 2008 U.S.App. LEXIS 7685, *3–4 (3d Cir.Pa. Apr. 9, 2008); *United States v. Solomon*, 2007 U.S. Dist. LEXIS 35070, *8 (W.D.Pa. May 14, 2007) ("In *Cunningham*, the Supreme court reiterated the 'bright-line rule' from its *Apprendi* lines of cases to be that, '[e]xcept for a prior conviction, any fact that increases the penalty for a crime must be submitted to a jury, and proved beyond a reasonable doubt.' "); *Modesto Morales v. United States*, 2007 U.S. Dist. LEXIS 35536, *17 (S.D.N.Y. May 10, 2007) ("[T]he holding of *Cunningham* does not constitute a 'new law.' Both the majority and the dissents in *Cunningham* agreed that that case was simply an application of the

---

7. As we noted in footnote 6, no Pennsylvania Superior or Supreme Court case has addressed *Cunningham* in this context. We find abundant guidance in the decisions of other jurisdictions, however.

Court's previous rulings in *Apprendi* and *Booker*.").

¶ 14 Thus we find that *Cunningham* does not set forth a new constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in Section 9545.

¶ 15 Neither has *Cunningham* been held to apply retroactively, as is apparent from numerous decisions from California courts as well as the courts of other states. As recently as March, 2008, the United States District Court for the Southern District of California explained that "it is now apparent *Cunningham* has not and likely will not be applied retroactively to habeas petitioners . . ., whose convictions became final before that decision." *Sandoval v. Sec'y of the Cal. Dep't of Corr. & Rehab.*, 2008 WL 698468, *11, 2008 U.S. Dist. LEXIS 20122, *37 (S.D.Cal. Mar. 13, 2008). A month prior to the *Sandoval* decision, the United States District Court for the Central District of California found that "*Cunningham* . . .. does not apply retroactively to convictions that became final before its issuance." *Bournes v. Adams*, 2008 U.S. Dist. LEXIS 21695, * 30 (C.D.Cal. Feb. 25, 2008). In 2007, the United States District Court from the Eastern District of California had similarly found that "*Cunningham* does not apply retroactively to convictions which became final before it was decided." *Doughtie v. Scribner*, 1007 WL 2669922, *7, 2007 U.S. Dist. LEXIS 66313, *18 (E.D.Cal. Sept. 7, 2007). Other courts have reached the same conclusion. As the

United States District Court for the Eastern District of Tennessee explained

*Cunningham* itself did not announce that it was retroactively applicable. Both the majority and dissents in *Cunningham* agreed the case was simply an application of the Court's previous rulings in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), neither of which have been considered "new law" for the purposes of determining whether a § 2255 motion is procedurally barred.[8]

*Davis v. United States*, 2007 U.S. Dist. LEXIS 53289, *5–*7 (E.D.Tenn. July 23, 2007). *See also Lizardo v. United States*, 2007 WL 4554201, *4, 2007 U.S. Dist. LEXIS 93158, *10 (D.Mass. Dec. 18, 2007) ("[T]he Supreme Court did not declare *Cunningham* to apply retroactively."). We similarly find that *Cunningham* does not apply retroactively.

¶ 16 Because we find no merit to Appellant's argument that *Cunningham* requires application of Section 9545(b)(1)(iii), his second PCRA petition must be regarded as untimely, depriving the courts of jurisdiction to hear it. *Copenhefer*, 941 A.2d at 648–649. As such, it was proper for the PCRA court to dismiss the petition, and we affirm that order.[9]

¶ 17 Affirmed.

---

8. Section 2255(a) directs that:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or

> that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

9. The final paragraph of the argument contained in Appellant's brief makes an allega-

tion that the Commonwealth failed to give written notice under 42 Pa.C.S.A. § 9712, rendering Appellant's sentence illegal. Appellant's brief at 12. Appellant then asserts that "it is axiomatic that claims involving the legality of the sentence cannot be waived and are thus cognizable under the PCRA." *Id.* at 12–13 (citations omitted). We note that this allegation has been omitted from Appellant's Statement of Questions Involved in violation of Pa.R.A.P. 2116(a). Even if it had been included, however, it provides no relief.

Because of the untimely nature of Appellant's second PCRA petition, it is clear that we may not review the allegation. "Though not technically waivable, a legality claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Commonwealth v. Slotcavage,* 939 A.2d 901, 903 n. 4 (Pa.Super.2007) (citation omitted). "[W]hen a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review." *Commonwealth v. Jones,* 932 A.2d 179, 182 (Pa.Super.2007).