J-S76045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMIE KIRNON | |
| Appellant | No. 1101 EDA 2016 |

Appeal from the PCRA Order March 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0503741-2001

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED OCTOBER 21, 2016**

Appellant Jamie Kirnon appeals from the order entered in the Court of Common Pleas of Philadelphia County on March 8, 2016, dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 1998, Appellant and his cohort, Rafael Stewart, shot and killed Darius Cuthbert and seriously wounded Omar Johnson in connection with a drug-related confrontation.  Following a jury trial, on November 4, 2003, Appellant was convicted of first-degree murder, aggravated assault, criminal conspiracy, possessing an instrument of crime and carrying a firearm on a

---

[*] Former Justice specially assigned to the Superior Court.

public street.[1]  On November 5, 2003, following the penalty phase of the trial, the jury sentenced Appellant to life imprisonment on the first-degree murder conviction, and on December 22, 2003, the trial court imposed consecutive sentences for the criminal conspiracy and aggravated assault convictions.

Following the denial of his post-sentence motion, Appellant filed a timely appeal.  This Court affirmed Appellant's judgment of sentence on January 13, 2005, and Appellant did not seek further review with our Supreme Court.  On January 13, 2006, Appellant filed, *pro se*, a timely PCRA petition. Counsel was appointed, and by order and opinion entered on October 5, 2006, the PCRA court dismissed Appellant's petition and permitted counsel to withdraw.  Appellant filed a second petition on June 2, 2011, and the PCRA court dismissed it as untimely on March 5, 2014.  On appeal, this Court affirmed both PCRA orders.

Appellant filed the instant PCRA petition, *pro se*, on January 30, 2015, as well as several amended petitions thereafter.  Appellant retained counsel who requested leave to amend.  The PCRA court granted that relief on June 2, 2015, and Appellant filed his Amended Motion for Post Conviction Relief on August 28, 2015.  The basis for Appellant's initial petition and amended, counseled petition arises from the testimony Mr. Johnson provided at Mr.

---

[1] 18 Pa.C.S.A. §§ 2502, 2702, 903, 6108, and 907, respectively.

Stewart's trial in 2014 which Appellant avers constitutes newly discovered evidence.[2]

On March 8, 2016, the PCRA court dismissed Appellant's petition as untimely, and Appellant filed a timely notice of appeal on April 6, 2016. The PCRA court did not direct Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one. The PCRA court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on April 26, 2016, wherein it requested that this Court affirm its order dismissing appellant's PCRA petition for the reasons contained in its March 8, 2016, opinion.

In his brief, Appellant presents the following Statement of the Question Involved:

> Did the PCRA court err and violate Appellant's Fourth, Sixth and Fourteenth Amendment rights by finding that the new evidence petition was untimely filed?

Appellant's Brief at 4. The text of Appellant's brief essentially reiterates the claims he made in his Amended Motion for Post Conviction Relief filed on August 28, 2015.

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50

_____

[2] After the shooting, Mr. Stewart had been "on the run" and was not apprehended and brought to trial until 2014.

(Pa.Super. 2000). "Our standard of review is whether the PCRA court's order is supported by the record and without legal error." **Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 (Pa.Super. 2008) (citation omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after

- 4 -

> the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted).

In the case *sub judice*, Appellant was sentenced to life imprisonment on November 5, 2003, and to consecutive prison sentences for aggravated assault and criminal conspiracy on December 22, 2003. This Court affirmed his judgment of sentence on January 13, 2005. Appellant did not file a petition for allowance of appeal; therefore, Appellant's judgment of sentence became final thirty days thereafter, on February 12, 2005, when the time for seeking allocator with our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). Thus, Appellant had until February 13, 2006, to file a timely PCRA petition; however, Appellant filed the instant PCRA petition on January 30, 2015; therefore, it is patently untimely under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 753 A.2d 780 (2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely

and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar). As such, the PCRA court could not address the merits of Appellant's petition unless a timeliness exception applies.

Appellant attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(ii) by claiming the testimony provided by Mr. Johnson during Mr. Stewart's trial constitutes newly discovered evidence. Appellant alleges he first became aware of Mr. Stewarts's trial from a newspaper article published on November 19, 2014, but he was unable to obtain the trial transcripts until April 15, 2015. *See* Amended Motion for Post Conviction Relief at 6-7 (unnumbered). Appellant maintains that upon reading the notes of testimony he learned Mr. Johnson had committed the crime of perjury as to "key material issues" when he testified at Appellant's trial, a fact which he could not establish until Mr. Johnson testified in Mr. Stewart's case. *Id*. at 9, 11 (unnumbered).

Appellant avers that while Mr. Johnson testified at Appellant's trial that the shooting occurred in response to the victim's having attempted to take over a "coke house," he stated at Mr. Stewart's trial that Appellant and Stewart shot him because he and Mr. Cuthbert had robbed the "drug house," which went to the motive for the crime. *Id*. at 11. Appellant further notes that while at the first trial Mr. Johnson had indicated he and others had been merely standing on the corner prior to the shooting, at the Stewart trial he

stated he and others had been selling drugs on the corner. *Id*. at 12. Finally, Appellant stresses that Mr. Johnson maintained at Appellant's trial an individual nicknamed "Nasty"[3] had not been on the corner with them that evening, and in reliance upon this testimony, the defense did not call Mr. Arthur to testify as an eyewitness to the shooting. To the contrary, at Mr. Stewart's trial, Mr. Johnson indicated "Nasty" was standing on the corner at the time of the shooting, which Appellant argues would have made his testimony as an eyewitness to the shooting vital at trial. *Id*. at 13-14. Although he acknowledged that "Johnson's recantation still inculpates [Appellant] as Stewart's accomplice," Appellant baldly posits "the prejudicial impact that Johnson's perjury had on [Appellant's] verdict is of constitutional dimension." *Id*. at 14.

Our Supreme Court previously has stressed that the newly discovered evidence exception in Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were "facts" that were "unknown" to him and that he could not have ascertained those facts by the exercise of "due diligence." ***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264, 1270-72 (2007). To do so, an Appellant must prove that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is

---

[3] "Nasty's" given name is Lester Arthur.

- 7 -

not being used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Commonwealth v. D'Amato***, 579 Pa. 490, 519, 856 A.2d 806, 823 (2004). Moreover, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa.Super. 2011) (citations omitted). Further, "[t]he focus of the exception is on the newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit . . . runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

***Williams***, 35 A.3d at 53 (citations omitted).

In the case *sub judice*, assuming, *arguendo*, Appellant met the initial 60-day threshold,[4] we conclude the trial court did not abuse its discretion in finding Mr. Johnson's testimony did not provide "unknown facts."[5]  In this regard, when determining that it lacked jurisdiction over Appellant's third PCRA petition, the PCRA court reasoned as follows:

> The newly-discovered evidence-- Mr. Johnson's testimony in the Stewart trial-- are  [sic] only minor inconsistencies from his original testimony in [Appellant's] case.  The variations between the statements would merely be used to impeach Mr. Johnson's credibility,[6] which fails to qualify as after discovered evidence.
>
> Additionally, whether Lester Arthur was with Mr. Johnson at the corner of the shooting, or a city block away, does not amount to newly discovered evidence.  As the Supreme Court of Pennsylvania clarified in Commonwealth v. Bennet, 930 A.2d 1264, 1272 (Pa. 2007), a defendant "must also prove that the facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'"  [Appellant] states that he relied upon Mr. Johnson's testimony as to Mr. Arthur's view of the incident, and chose not to call Mr. Arthur as a witness on the

---

[4] Appellant asserts that his sister, Margaret Shaw, acquired the notes of testimony from Mr. Stewart's trial on March 18, 2015, and mailed them to Appellant at SCI Dallas where they were allegedly confiscated by the correctional institute as contraband and were not released to Appellant until April 15, 2015. Appellant's Brief at 11-12.

[5] It is noteworthy that although Appellant cites to and references Mr. Johnson's testimony from Mr. Stewart's' trial to support his claims, he has failed to provide us with a complete trial transcript; therefore, our review of the testimony is limited to the excerpts thereof which Appellant attached to his *pro se* PCRA petition filed on May 12, 2015. We remind Appellant that "[i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review." **Commonwealth v. Martz,** 926 A.2d 514, 524–525 (Pa.Super. 2007) (citations omitted) *appeal denied,* 940 A.2d 363 (Pa. 2008).

belief that he would not provide any helpful information.  See Amended Petition, at[] 13. Rather than conducting due diligence at the time of trial and question Mr. Arthur as to what he witnessed, [Appellant] waited until Mr. Johnson's testimony eleven years after the fact to consider whether Mr. Arthur has any relevant information.[7]

More importantly, any differences between the two testimonies cannot overcome the pivotal fact which Mr. Johnson reiterated in the Stewart trial- that [Appellant] was one of the shooters.  There is no basis to conclude that the inconsistencies would likely compel a different outcome.

_____

[6] For example, this court cannot imagine that the jury would hold Mr. Johnson's testimony in a different light had they [sic] been informed that Mr. Johnson, along with Messrs. Cuthbert and Gissentanner, were selling drugs immediately before the shooting.  Not only had Mr. Johnson testified during [Appellant's] trial that he sold drugs from 1996 to 1998 and was arrested for selling drugs in 2001, the jury was also informed that Mr. Johnson was in custody awaiting trial for murder in New York.
[7] In fact, [Appellant] did not attach a sworn affidavit from Mr. Arthur, and again relies on Mr. Johnson's memory if Mr. Arthur might have witnessed the murder.

Trial Court Opinion, filed 3/8/16, at 4-5.

Upon our review of the excerpts of Mr. Johnson's testimony which Appellant has provided for our review, we agree with the PCRA court's finding that Appellant has failed to demonstrate such testimony satisfies the newly discovered evidence exception to the PCRA time bar. Rather than demonstrate Johnson committed perjury at Appellant's trial, the inconsistencies in his testimony at the two proceedings, which were separated by ten years, pertain to such details as where individuals were standing and what they were doing at the time of the shooting.  While one's memory of such details is likely to be affected by the passage of time,

significantly, Mr. Johnson never wavered in his identification of Appellant as a shooter at Appellant's trial, and he reaffirmed Appellant shot repeatedly at him at Mr. Stewart's trial. N.T. Stewart Trial, 11/13/14, at 23-25.[6] As such, Mr. Johnson's testimony cannot be viewed as exculpatory evidence, but rather its use would be solely to impeach his prior testimony. *Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa.Super. 2010) ("a defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence solely to impeach the credibility of a witness").

Accordingly, because Appellant has not established any of the timeliness exceptions to the PCRA time-bar, the PCRA court lacked jurisdiction to address his claim, and we affirm the dismissal of Appellant's instant untimely PCRA petition.

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2016

---

[6] In addition, another eyewitness, Danny Gissentanner, unequivocally identified Appellant as one of the shooters at Appellant's trial, and his testimony was corroborated by ballistics evidence.