J-S20044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY  PAGE | : | |
| | : | |
| Appellant | : | No. 2336 EDA 2019 |

Appeal from the Order Entered July 8, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0021037-1986

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                         Filed: June 11, 2020

Anthony Page appeals *pro se* from the dismissal of his petitions filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court dismissed Page's PCRA petitions as untimely and we affirm.

In October 1986, a jury convicted Page of second-degree murder and related crimes. The trial court sentenced Page to life in prison and this Court affirmed his judgment of sentence. The Pennsylvania Supreme Court denied his *allocatur* petition on April 14, 1989. Page filed his first *pro se* PCRA petition in April 1999. The PCRA court appointed counsel and ultimately dismissed Page's petition. This Court affirmed that dismissal in July 2000. ***Commonwealth v. Page***, 761 A.2d 1237 (Pa.Super. July 17, 2000) (table). Thereafter, Page proceeded to file a series of unsuccessful PCRA petitions.

On March 26, 2019 and May 6, 2019, Page filed two more *pro se* PCRA petitions. Page claimed that both of these substantially similar PCRA petitions were timely due to a new retroactive constitutional right. The PCRA court did not agree and instead filed Pa.R.Crim.P. 907 notice of intent to dismiss Page's petitions without a hearing. Page filed two responses wherein he claimed that his issues on appeal concerned his allegedly illegal sentence and therefore should not be considered waived. On July 8, 2019, the PCRA court dismissed both petitions as untimely[1] and Page filed a timely *pro se* notice of appeal.[2] The PCRA court did not order Page to file a Pa.R.A.P. 1925(b) statement, but the court did file a Pa.R.A.P. 1925(a) opinion.

Page raises the following single issue for review:

> Whether the trial court was wrong in its assessment that [Page's] claim failed to identify any constitutional right or any United States Supreme Court decisions to support his claim?

---

[1] The PCRA court properly considered and dismissed both of Page's PCRA petitions in the July 8, 2019 order because neither petition was yet the subject of appeal. **See Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa.Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) ("PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final").

[2] According to the docket, Page's notice of appeal was filed on August 13, 2019, four days after the August 7, 2019 deadline. However, Page, who is incarcerated, dated the notice August 4, 2019, and the envelope in which the notice was mailed was postmarked August 7, 2019. According to the prisoner mailbox rule, we deem August 7, 2019, as the date of filing, and the notice of appeal as timely. **See Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 n.3 (Pa.Super. 2008).

Page's Br. at 2.

When reviewing the denial or grant of relief under the PCRA, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

A petitioner has one year after his judgment of sentence becomes final to file a PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a petitioner files a PCRA petition after the one-year deadline, then the PCRA court lacks jurisdiction over the petition unless a petitioner is able to plead and prove at least one of the time-bar exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1). **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). These exceptions are:

(i)     The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Here, Page's judgment of sentence became final on July 13, 1989, when the time for him to file a petition for allowance of appeal with the United States Supreme Court expired. **See** U.S. Sup. Ct. R. 20.1 (revised and renumbered Rule 13 effective Dec. 5 1989) (giving petitioners 60 days to file a petition for a w*rit of certiorari* to the United States Supreme Court). Thus, Page had until July 13, 1990, to file a timely PCRA petition and the instant petitions, which he filed in 2019, are patently untimely. Therefore, the PCRA court lacked jurisdiction to consider the petitions unless Page could plead and prove at least one of the time-bar exceptions. **See Albrecht**, 994 A.2d at 1093.

In his PCRA petition, Page claims he satisfied the new retroactive constitutional right exception to the PCRA time bar but he fails to identify, let alone explain, which **new** constitutional right he is invoking. Instead, he argues that his constitutional rights were violated because he was convicted of "multiple degrees of murder verdicts for the death of one victim." Page's Br. at 8. However, he does not explain how any new constitutional right, which he could not have presented at the time of trial or on direct appeal, is implicated in his argument, and we are aware of none. Page has not established that an exception to the PCRA's time bar, as provided under Section 9545(b)(1)(i-iii), applies. Thus, the PCRA court lacked jurisdiction to consider Page's PCRA petitions and we affirm the PCRA court's order dismissing them as untimely. **See Albrecht**, 994 A.2d at 1093.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/11/20</u>