J-S37039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
           v.                :
:
:
SHANNON M. MATTHEWS        :
:
           Appellant     :   No. 986 EDA 2021

Appeal from the PCRA Order Entered March 5, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003008-2015

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED JANUARY 5, 2022**

Appellant, Shannon M. Matthews, appeals from the order entered in the Court of Common Pleas of Delaware County, which denied her first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After a careful review, we affirm.

The trial court has set forth the relevant facts and procedural history, in part, as follows:

> On Tuesday, February 3, 2015, the Norwood Borough Police Department and emergency medical responders were dispatched to a physician's office, where Appellant was then employed. Appellant was also living in an apartment located above the physician's office.  Upon arrival, police and paramedics saw M.H., the two-year-old son of Appellant, unresponsive and being administered CPR by Dr. Patricia Sutton.  Paramedics took over CPR efforts on the child, who was cold to the touch.  M.H. was transported to Taylor Hospital, where he was pronounced dead

---

[*] Former Justice specially assigned to the Superior Court.

less than 30 minutes after arriving. The emergency department physician who treated the child observed numerous bruises [all over his body].

Appellant's boyfriend and co-defendant, Daniel Grafton, was arrested the same night and charged with Aggravated Assault and related offenses. During the course of the investigation into the child's death, Appellant gave three separate recorded, voluntary statements to investigators, and each time denied any responsibility for M.H.'s death. Appellant implicated Grafton in the killing and suggested that Grafton may have overdosed M.H. with drugs. The Medical Examiner determined the manner and cause of death to be homicide due to multiple blunt force traumas. Additional charges, including Third-Degree Murder, were then filed against Grafton. Charges against Appellant of Third-Degree Murder, Aggravated Assault, and related offenses were filed on April 16, 2015.

At trial, evidence was elicited to demonstrate that M.H. sustained numerous injuries, both internal and external, resulting from repeated blunt force trauma. The Medical Examiner's opinion was that the injuries were sustained over a period of days, in several separate beatings. Three medical experts, called by both the Commonwealth and the Defense, agreed that no individual injury was lethal, and that M.H. likely would have survived if he had been given medical attention. Subsequent evidence at trial showed that Appellant refused Grafton's request to take M.H. to the hospital two days prior to this death, and that both Appellant and Grafton deliberately refused to allow a caseworker from Children and Youth Services [("CYS")] to see M.H. the day before his death. Though M.H. was declining in physical health and clarity over the course of three days, Appellant never sought medical or other assistance for him.

In December of 2016, Grafton and Appellant stood trial jointly. After a week-long jury trial, Grafton was acquitted of the murder and assault charges and found guilty of Endangering the Welfare of Children for his role in failing to seek medical attention for M.H. when Appellant refused to do so. Appellant was found guilty of Third-Degree Murder, Aggravated Assault, and Endangering the Welfare of Children, but acquitted of Conspiracy of Third-Degree Murder. She was sentenced on January 17, 2017, [to 20-40 years for Third-Degree Murder, 4-8 years for Aggravated Assault, and 5 years' probation, with the sentences to run consecutively].

Trial Court Opinion, filed 6/16/17, at 1-3 (citations to record omitted).

Appellant filed timely post-sentence motions, which the trial court denied. Appellant filed a timely direct appeal wherein she presented the sole issue of whether the evidence was sufficient to sustain her convictions for third-degree murder and aggravated assault. Concluding the evidence was sufficient, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Matthews***, No. 671 EDA 2017 (Pa.Super. filed 5/30/18) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On or about May 23, 2019, Appellant filed a timely *pro se* PCRA petition, and counsel was appointed to represent her. Counsel filed an amended PCRA petition on March 11, 2020, and the Commonwealth filed a response in opposition on May 29, 2020. Following an evidentiary hearing, at which trial counsel, Joseph D'Alonzo, Esquire testified, the trial court denied Appellant's PCRA petition on March 5, 2021. This timely, counseled appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following sole issue in her "Statement of Questions Involved" (verbatim):

1. Did the PCRA court abuse its discretion in dismissing Appellant's ineffective assistance of counsel claim where counsel failed to move for a mistrial after irrelevant and inflammatory evidence was introduced by co-defendant's counsel?

Appellant's Brief at 2 (suggested answer omitted).

- 3 -

Initially, as a general proposition, we note "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation marks and quotation omitted).

Further, inasmuch as Appellant's claim presents an allegation of ineffective assistance of trial counsel, we apply the following well-established legal principles:

> In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that h[er] conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel. 42 Pa.C.S.[A.] § 9543(a)(2)(i).
>
> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced h[er]. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

*Commonwealth v. Benner*, 147 A.3d 915, 919–20 (Pa.Super. 2016) (quotation marks, quotations, and citations omitted).

> We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. [C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Johnson*, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (citations omitted). *See Commonwealth v. Daniels*, 600 Pa. 1, 963 A.2d 409, 419 (2009) ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.") (citation omitted)). "A claim has arguable merit where the factual averments, if accurate, could establish cause for relief." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa.Super. 2013) (*en banc*) (citation omitted).

Appellant contends her trial counsel, Attorney D'Alonzo, was ineffective in failing to object and move for a mistrial after her co-defendant's trial counsel, Lindsay McDonald, Esquire, elicited irrelevant and highly inflammatory evidence that M.H. was sexually abused and had bruising on his penis. Specifically, Appellant contends Attorney D'Alonzo should have objected to Attorney McDonald's cross-examination of Karen Kilson, an intake caseworker at CYS, as follows:

> Q: I'm going to refer you to an entry on February 19th. Do you see that starting at 11:15?
>
> A: Would that be the phone call to Dr. Hellman, the medical examiner?
>
> Q: Yes, can you read that out loud?
>
> A: I can, "February 19th, 2015, 11:15 a.m., participants Dr. Hellman, the caseworker called Dr. Hellman to see if the cause of death for [M.H.] had been determined. The doctor stated that the cause of death has not been determined yet. The doctor reported that the child had bruises on his head and trunk with various stages of healing. The doctor found the child had 40 milliliters of blood in his abdomen but that could be from the aggressive CPR the child received when the child was trying to be resuscitated. **The doctor stated that the child was sexually abused and had bruising on his penis**. The child also had melatickis calcus

- 5 -

> [ph] which is a sickness which could have led to the child's death. The ME stated the cause of death is not known now. The caseworker gave the medical examiner his number and asked for a call if any new information about the cause of the child's death is discovered."

N.T., 12/5/16, at 276-77 (bold added).

Appellant contends that, since "it was undisputed that sexual assault was not part of the Commonwealth's case at trial[,]" the aforementioned excerpt was irrelevant and so unduly prejudicial that Attorney D'Alonzo's failure to object or request a mistrial constitutes ineffective assistance of counsel. Appellant's Brief at 7.

Assuming, *arguendo*, Appellant's underlying claim has arguable merit, we conclude Attorney D'Alonzo provided a reasonable basis for failing to object and/or request a mistrial with regard to the aforementioned excerpt of testimony. Additionally, we conclude Appellant has failed to demonstrate she was prejudiced by Attorney D'Alonzo's omission.

Relevantly, with regard to the reasonable basis prong of the ineffective assistance of counsel test, our Supreme Court has relevantly stated the following:

> When assessing whether counsel had a reasonable basis for his act or omission, the question is not whether there were other courses of action that counsel could have taken, but whether counsel's decision had any basis reasonably designed to effectuate his client's interest. As the Commonwealth accurately states, this cannot be a hindsight evaluation of counsel's performance, but requires an examination of "whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect [the] defendant's

interests." Our evaluation of counsel's performance is "highly deferential."

***Commonwealth v. Williams***, 636 Pa. 105, 141 A.3d 440, 463 (2016) (citations and quotations omitted).

At the PCRA hearing, on direct examination by Appellant's PCRA counsel, Attorney D'Alonzo confirmed he represented Appellant, and during pre-trial discovery, he reviewed CYS's file, including Ms. Kilson's notes. N.T., 10/26/20, at 5-6. He confirmed the CYS file included notes Ms. Kilson made regarding a conversation she had on February 19, 2015, with Dr. Hellman. ***Id.*** at 7. He further confirmed that, when Appellant's co-defendant's counsel cross-examined Ms. Kilson during trial, she relayed that Dr. Hellman had informed CYS that the child was sexually abused and had bruising on his penis. ***Id.***

On cross-examination at the PCRA hearing, Attorney D'Alonzo testified that the Commonwealth neither charged Appellant nor her co-defendant with a sex crime and/or averred that the child suffered any type of sexual assault. ***Id.*** at 10. He further testified that, while there was evidence the child suffered "somewhere near 100 bruises," the Commonwealth did not elicit specific testimony about bruising on the child's penis or that the child had been sexually assaulted. ***Id.*** at 12, 14.

Thus, Attorney D'Alonzo testified he did not object to Appellant's co-defendant's eliciting of the aforementioned testimony because he did not want to "draw the jury's attention" to the passing reference or otherwise "further shine light" on the reference to sexual assault. ***Id.*** He noted he also did not

want to require the attorneys and the trial court to delve into whether bruising on the penis might be indicative of sexual, as opposed to physical, abuse in front of the jury. *Id.* at 14.

Based on the aforementioned, we agree with the PCRA court that Appellant failed to demonstrate that her trial counsel lacked a reasonable basis in failing to object or request a mistrial to the passing reference of sexual assault, which was elicited by co-defendant's counsel. Simply put, Attorney D'Alonzo's decision had a basis reasonably designed to effectuate his client's interest. *See Williams*, *supra*. Thus, Appellant is not entitled to relief on this basis.

Further, we agree with the PCRA court that Appellant has failed to demonstrate she was prejudiced by counsel's omission.

> To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Spotz*, 624 Pa. 4, 84 A.3d 294, 311-12 (2014) (citations, quotation marks, and quotations omitted). *See Commonwealth v. Gribble*, 580 Pa. 647, 863 A.2d 455, 472 (2004) ("[A] defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it "could have reasonably had an adverse effect on the outcome of the proceedings.") (quotation omitted)).

Here, the statement at issue was passing in nature, elicited on cross-examination by co-defendant's counsel, and the Commonwealth did not exploit it. ***See Spotz***, ***supra***. Further, as to the strength of the evidence against Appellant, the Commonwealth presented overwhelming evidence that Appellant repeatedly, over the course of multiple days, beat M.H., and she then denied him medical care. The beatings, as well as the lack of medical care, resulted in M.H.'s death. Thus, as this Court noted on direct appeal, there was overwhelming evidence supporting Appellant's convictions for third-degree murder, aggravated assault, and endangering the welfare of a child.

Accordingly, trial counsel's failure to object to the passing reference to Dr. Hellman's statement that M.H.'s penis was bruised, and such bruising constituted sexual abuse, does not meet the prejudice prong. That is, "when the precise nature of the challenged reference is weighed against the overwhelming strength of the evidence," we conclude Appellant did not satisfy her burden of proving that trial counsel's omission had an actual adverse effect on the outcome of the proceedings. ***Spotz***, ***supra***, 84 A.3d at 317 (citation omitted). Appellant has not shown that, but for counsel's failure to object, the outcome of the proceedings would have been different. ***See id.*** Thus, Appellant's ineffective assistance of counsel claim fails on this basis as well.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/05/2022