J-S42013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMERE WALKER | : | |
| | : | |
| Appellant | : | No. 475 EDA 2023 |

Appeal from the PCRA Order Entered January 12, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002023-2017

BEFORE:  BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 30, 2023**

Jamere Walker appeals from the order denying as untimely his petition filed pursuant to the Post-Conviction Relief Act ("PCRA").  We affirm.

By way of background, a jury convicted Appellant of third-degree murder, possession of an instrument of a crime, and firearms not to be carried without a license in connection with the shooting of J. Charles Hopkins. Following an ensuing bench trial, he was also convicted of persons not to possess a firearm based upon the same incident.  The trial court imposed an aggregate term of thirty to sixty years in prison.

This Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on October 16, 2019.  ***See Commonwealth v. Walker***, 2019 WL 2070493 (Pa.Super. 2019) (non-precedential decision), *appeal denied*, 218 A.3d. 849 (Pa. 2019).  Appellant did not seek discretionary review by the United States Supreme Court.

On January 22, 2021, Appellant filed the underlying *pro se* petition.[1] The PCRA court appointed counsel, who filed an amended petition asserting that trial counsel provided ineffective assistance in failing to request a jury instruction as to manslaughter. The Commonwealth responded, contending that the petition was untimely since it was filed more than one year from the date Appellant's judgment became final, and also because it raised no exceptions to the PCRA's timeliness requirement. The court subsequently issued notice of its intention to dismiss the petition.

Appellant's counsel submitted a written response to the court.[2] The court held a hearing to address the timeliness of the petition, wherein Appellant conceded that the petition was filed more than a year after his judgment became final. **See** N.T. Hearing, 1/3/23, at 5. He nonetheless asserted the governmental interference exception to the PCRA time-bar on the grounds that he had limited access to the prison library during the COVID-

_____

[1] We note that the petition was stamped by the Delaware County Office of Judicial Support as being filed on February 3, 2021. However, the PCRA court found that it was filed on January 22, 2021, since it was executed by Appellant and mailed from the prison on that date. **See** PCRA Court Opinion, 5/24/23, at 4 n.2. Accordingly, we utilize January 22, 2021 as the date of filing. **See Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 n.3 (Pa.Super. 2008) ("Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing.").

[2] It does not appear that this response is contained within the certified record, despite being entered as an exhibit at a PCRA hearing on January 3, 2023. Nevertheless, because Appellant fails to meaningfully address the timeliness of his petition, as discussed *infra*, this omission does not preclude our review.

19 pandemic.[3]  *See* N.T. Hearing, 1/3/23, at 4-5.  When the PCRA court asked Appellant's counsel why Appellant could not have filed something before the one-year deadline and requested additional time in which to develop his ineffective assistance of counsel claim, counsel responded by stating "I can't answer that question, Your Honor."  *Id*. at 5.  The court ultimately denied the petition as untimely.

This timely appeal followed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.  Appellant presents a single issue for our determination:  "Was the trial court in error for denying Appellant's petition for post-conviction relief without a hearing as to the issue raised in said petition alleging effectiveness of trial counsel for failing to request a jury instruction as to manslaughter?"  Appellant's brief at 4 (cleaned up).

Our standard of review of an order dismissing a PCRA petition is "whether that determination is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."  ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up).

---

[3] Our High Court declared exceptions to the timely filing requirements from March 19, 2020 to May 8, 2020 due to the pandemic.  ***See Commonwealth v. Jones***, 281 A.3d 1053, 2022 WL 2048400 at *4 (Pa.Super. 2022) (non-precedential decision) (explaining, when "the PCRA deadline [falls] **after** the extended May 11, 2020, deadline for pleadings, the emergency order [does] not apply.") (emphasis in original).  Since, Appellant filed his petition in 2021, our Supreme Court's emergency stay order has no bearing as to the timeliness of his petition.

We must first address whether the underlying petition was timely filed, since "[i]t is well-established that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief." ***See Commonwealth v. Fantauzzi***, 275 A.3d 986, 994 (Pa.Super. 2022) (citation omitted). As to that issue, the PCRA provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

The PCRA further states that "[f]or purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). When seeking review of a state court

- 4 -

judgment with the United States Supreme Court, a petition for a writ of certiorari "is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S.Sup.Ct.R. 13(1).

Critically, in his brief to this Court, Appellant neglected to proffer any discussion whatsoever concerning the timeliness of his PCRA petition.[4] Our independent review of the record, however, confirms that the petition was facially untimely. Since our High Court denied Appellant's petition for allowance of appeal on October 16, 2019, and he sought no review with the United States Supreme Court, his judgment became final ninety days later, on January 14, 2020. Hence, a timely petition had to be filed on or before January 14, 2021. Appellant filed his *pro se* PCRA petition on January 22, 2021, which was eight days late.

Moreover, on appeal, Appellant did not identify or attempt to assert any exceptions to the PCRA time-bar. To the extent that he invoked the governmental interference exception during the hearing with the PCRA court, he simply failed to develop this claim on appeal. As such, Appellant waived all arguments concerning any exception to the timeliness requirement. **See**

_____

[4] On the contrary, it appears that Appellant conceded that the petition was untimely. **See** Appellant's brief at 6 (stating, "As further explained, the PCRA Petition was *inter alia* untimely."). It is unclear whether this concession was intentional, as this statement is nearly identical to one in the PCRA court's recitation of the procedural history of the case. **See** PCRA Court Opinion, 5/24/23, at 2 ("As further explained *infra*, the PCRA Petition was *inter alia* untimely."). Regardless of whether Appellant's statement constituted an admission of untimeliness, for the reasons discussed in the body of this memorandum, Appellant has not met his burden of proving that his petition was timely filed or subject to an exception.

***Commonwealth v. Taylor***, 277 A.3d 577, 591 (Pa.Super. 2022) (stating that "[w]hen issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof" (cleaned up)); ***see also Commonwealth v. Reid***, 235 A.3d 1124, 1158 (Pa. 2020) (maintaining that "it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." (citation omitted)).

Since Appellant's petition was not timely filed, we lack jurisdiction to consider the merits of his claim of ineffective assistance of trial counsel. We therefore have no cause to disturb the order dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/30/2023