J-S08037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUEL SHAMONTE TIRADO, | : | |
| | : | |
| Appellant | : | No. 1354 WDA 2019 |

Appeal from the PCRA Order Entered July 12, 2019
in the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0002615-2016

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                      **FILED JUNE 09, 2020**

Marquel Shamonte Tirado ("Tirado") appeals from the Order dismissing, without a hearing, his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> Between 5:00 and 6:00 p.m. on May 18, 2016, a group of about five neighbors and friends were gathered in front of a residence in the 900 block of East 23rd Street, near the intersection with Perry Street, in the City of Erie.  [Tirado] exited a store on the corner of 23rd and Perry Streets[,] across the street from the group of residents, reached into his waistband, pulled out a silver/chrome pistol and fired five or six shots into the group of people gathered on or near their properties.  Fortunately, no one was injured by the gun shots, but one of the bullets struck a vehicle parked nearby on the street.  The gun used in these shootings was never recovered.

---

[1] 42 Pa.C.S.A. §§ 9541–9546.

After a jury trial on February 15[] and February 16[], 2017, [Tirado] was found guilty of [firearms not to be carried without a license; recklessly endangering another person; possession of a weapon; criminal mischief; possession of a firearm by a minor;[2] and aggravated assault.[3]] On April 17, 2017, [Tirado] was sentenced [to a total of seven to fourteen years in prison, followed by six years of probation].

[Tirado] did not file a post-sentence motion[,] or file a direct appeal with the Superior Court. On March 14, 2018, [Tirado] filed a *pro se* [PCRA Petition,] alleging ineffective assistance of counsel and assailing the testimony of some of the witnesses at trial as inconsistent with prior statements. [Tirado] claims that because one witness stated at trial [that Tirado] was not the shooter, he is entitled to a new trial. PCRA counsel was appointed[,] and filed a Supplemental Petition on July 23, 2018, alleging three ineffective assistance of trial claims.

PCRA Court Opinion, 12/10/18, at 1-2 (some paragraphs combined, footnotes added). Following the filing of the Supplemental Petition, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to dismiss the Petition. Subsequently, the PCRA court issued a final Order dismissing Tirado's Petition. Tirado filed a timely Notice of Appeal, and a Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

Tirado raises the following questions for our review:

A. Whether the PCRA court committed legal error and abused its discretion in failing to grant relief based upon the ineffective assistance of counsel claim relating to the failure of counsel to preserve and raise[] a challenge to the sufficiency of the evidence[,] given the deficiencies of the Commonwealth['s]

---

[2] Tirado was seventeen years old at the time of the shooting, but was certified as an adult prior to trial.

[3] 18 Pa.C.S.A. §§ 6106(a)(1), 2705, 907(b), 3304(a)(5), 6110.1(a), 2702(a)(1).

- 2 -

case[,] including the absence of physical evidence and incomplete and inconsistent testimonial evidence implicating [Tirado] as the shooter?

B. Whether the PCRA court committed legal error and abused its discretion in permitting the Commonwealth to introduce a Facebook entry purportedly of [Tirado] in possession of a chrome firearm and counsel's attendant failure to duly challenge the admissibility of this evidence[?]

C. Whether the PCRA court committed legal error and abused its discretion in that the Facebook entry was admitted into evidence predicated on the understanding that it constituted a single frame shot wherein the actual Facebook entry consisted of a more prolonged entry with video [footage] of extraneous persons and conversation[s,] including [Tirado] being heard to state the term "gangsta[,]" whereupon the trial court admonished and [cautioned] the jury not to consider the extraneous footage, which attempt at mitigating the prejudice was insufficient to remedy the circumstance and [was] compounded by defense counsel's ineffectiveness in failing to raise and preserve a motion for mistrial in the wake of this [impertinent] admission of evidence?

Brief for Appellant at 2.

"Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa. Super. 2008) (quotation and quotation marks omitted).

In order to be eligible for relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence arose from one or more of the specified circumstances in the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(i-viii). Further, these issues must neither be previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3).

In reviewing claims of ineffective assistance of counsel, counsel is presumed to be effective, and the petitioner bears the burden of proving otherwise. **Commonwealth v. Becker**, 192 A.3d 106, 112 (Pa. Super. 2018). In order to prove ineffective assistance of counsel, a petitioner must plead and prove (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner. **Id.** (citation omitted). The petitioner must plead and prove all three prongs, and the failure to establish any one prong warrants denial of petitioner's ineffectiveness claim. **Id.** Counsel cannot be found to be ineffective for failing to raise a claim that is devoid of merit. **Commonwealth v. Ligons**, 971 A.2d 1125, 1146 (Pa. 2009).

There is "no absolute right to an evidentiary hearing on a PCRA petition." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). A PCRA court may dismiss a petition without holding a hearing if the court determines "that there are no genuine issues concerning any material fact." **Commonwealth v. Roney**, 79 A.3d 595, 604 (Pa. 2013) (citation omitted). In the context of ineffectiveness claims, "an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." **Id.** (citation omitted). Rather, if the PCRA court is able to determine, without holding a hearing, that one of

the ineffectiveness prongs cannot be met, then "no purpose would be advanced by holding an evidentiary hearing." **Jones**, 942 A.2d at 906.

First, Tirado argues that trial counsel was ineffective in failing to present and preserve a challenge to the sufficiency of the evidence against him as to each of his convictions. Brief for Appellant at 6-7. Tirado argues that, based on various inconsistencies in witness testimony, his trial counsel should have moved for an acquittal at trial, and counsel's failure to do so constituted ineffective assistance of counsel. **Id.** at 7-8.

In its Opinion, the PCRA court addressed this issue as follows:

[Tirado] claims there were discrepancies in the witnesses' testimony at trial from their previous statements. One of the five victims testified at trial that [Tirado] was not the shooter. [Tirado] claims the testimonial discrepancies and exonerating testimony supported a motion for judgment of acquittal.

Notably, trial counsel orally moved for judgment of acquittal after the Commonwealth rested its case, but limited the [M]otion to the charge of possession of a firearm by a minor. Trial counsel stated to the [c]ourt: "[] I can make a motion for judgment of acquittal now, if you want to do that. … The only thing I can see here that I have anything to work with is the possession of a firearm by a minor, because technically there's been no testimony offered as to the age of [Tirado,] and under these circumstances that would be a crucial part of it." Whereupon, the Commonwealth presented testimony as to [Tirado's] age.

The issue is whether trial counsel had a meritorious basis on which to present a motion for judgment of acquittal based on discrepancies in the witnesses' testimony and the exonerating testimony of one of the witnesses. [Tirado's] ineffectiveness claim fails because [Tirado] has not demonstrated that there is a reasonable probability that the trial court would have granted a motion for judgment of acquittal.

Additionally, [Tirado's] challenge to discrepancies in the witnesses' testimony goes to the weight of the evidence, not its sufficiency. A weight of the evidence review includes an assessment of the credibility of the testimony offered by the Commonwealth. In determining the weight of evidence at trial, the finder of fact is free to believe all, part or none of the evidence presented and determines the credibility of the witnesses.

* * *

In this case, [Tirado] does not indicate how the totality of the testimony and evidence of record exonerates him such that a motion for judgment of acquittal would have been meritorious. The Commonwealth established the necessary elements of each crime and, therefore, the evidence was sufficient to support the guilty verdicts.

A review of the trial transcripts confirms any challenge to the weight of the evidence for judgment of acquittal would have been frivolous and [Tirado] was not prejudiced. Trial counsel cannot be found ineffective for failing to preserve a meritless claim.

[Tirado] cannot establish the second prong of the ineffective assistance of counsel test. [Tirado] cannot establish trial counsel's actions were unreasonable under the circumstances. Counsel had a reasonable strategic basis not to challenge the weight of the evidence as the credibility of the witnesses was for the jury to decide.

[Tirado] must establish the third prong of the test by demonstrating he was prejudiced by counsel's inaction. To demonstrate prejudice, [Tirado] must plead and show there is a reasonable probability that[,] but for the act or omission of counsel in question, "the outcome of the proceedings would have been different." [Tirado] failed to plead and prove how trial counsel's failure to challenge the weight of the evidence via a motion for judgment of acquittal would have been granted. Any challenge to the weight of the evidence would have been unavailing. [Tirado] has failed to establish the third prong of the ineffectiveness test.

PCRA Court Opinion, 12/10/18, at 3-6 (citations omitted).

Our review confirms the PCRA court's analysis and conclusion that Tirado has failed to demonstrate that his trial counsel was ineffective in failing to file a motion for acquittal for all of the charges against him. As a result, we affirm on the basis of the PCRA court's stated rationale, as set forth above. *See id.*

Next, Tirado argues that the trial court abused its discretion when it permitted the Commonwealth to introduce video evidence at trial, in the form of a Facebook Live video. Brief for Appellant at 10. The video depicted Tirado holding a silver/chrome firearm, and appearing to say the word "gangsta." *Id.* at 10. Tirado argues that the prejudice he experienced when the jury heard him say the word "gangsta" outweighs the video's probative value, and the trial court's cautionary instruction was insufficient to overcome the prejudicial nature of the video. *Id.* at 10-12. Additionally, Tirado argues that "defense counsel was ineffective in failing to seek a mistrial based solely on the discrepancy in the offer of proof and the evidence published to the jury and the credible prejudice that could issue from [Tirado's] use of the term 'gangsta' as heard in the audio portion that was never disclosed to be included until the time that the evidence was played in [c]ourt[.]" *Id.* at 14.

We note that Tirado did not file a direct appeal of his judgment of sentence. As a result, we are constrained to conclude that Tirado has waived his challenge to the trial court's ruling on the admissibility of the video evidence because such a challenge could have been raised on direct appeal,

but was not. *See* 42 Pa.C.S.A. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding."). Further, claims concerning the admission of evidence are not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2) (enumerating the claims that a petitioner may raise under the PCRA).

Regarding Tirado's assertion of ineffective assistance of counsel related to trial counsel's failure to move for a mistrial, Tirado does not demonstrate how counsel's inaction affected the outcome of the proceedings. Brief for Appellant at 14. Rather, Tirado baldly asserts that "credible prejudice" existed against him. *Id.* The PCRA court addressed Tirado's ineffectiveness argument as to counsel's failure to move for a mistrial as follows:

> Trial counsel immediately objected and the video was stopped. The objection was sustained. By way of a curative instruction, the [c]ourt stated: "The only relevant portion of that video really was the end of that, and it may be in these pictures, the connection with the silver gun with [Tirado]. … [T]he rest of it is not relevant for purposes of this trial. So you should strike that part of it, but the latter part related to the gun is really the only relevant part." [N.T., 2/16/17, at 82.]
>
> In an *in camera* discussion with counsel, the [c]ourt noted: "Although there were certain words [Tirado] would say that I could make out and there were other people there, I didn't see anything criminal they were doing. … It didn't – there was no evidence of a crime or anything incriminating along those lines. It appeared to be talking to somebody and singing at some point, I don't know." *Id.* at 98.

\* \* \*

In this case, the cautionary instruction was sufficient to instruct the jury not to draw an adverse inference from the nearly unintelligible "gangsta" reference. [Tirado] speculates the jury may have heard the term. Even if the jury heard the term, it was an isolated, passing [and] nearly unintelligible word, was not repeated nor otherwise emphasized, and did not refer to any specific criminal conduct by [Tirado]. The word was not deliberately introduced or exploited by either the defense or the Commonwealth. This [c]ourt promptly entered a curative instruction. When the word is viewed in context, any prejudice resulting is speculative, at best, and was remedied by the cautionary instruction. There is no reason to believe the jurors did not follow the court's cautionary instruction. The record is devoid of any resulting prejudice to [Tirado]. Trial counsel had no basis on which to request a mistrial. Thus, [Tirado] has failed to establish [that] trial counsel rendered ineffective assistance.

PCRA Court Opinion, at 9-12.

We agree with the sound reasoning of the PCRA court, and affirm on this basis. *See id.* Tirado has failed to prove the third prong of the ineffectiveness test, *i.e.*, that he was prejudiced by counsel's decision not to move for a mistrial. Tirado has failed to demonstrate that the jury even heard the remark in question, much less demonstrate that he suffered prejudice as a result of the remark. Thus, counsel had no reasonable basis to request a mistrial, as the trial court's cautionary instruction was sufficient to overcome any prejudice that may have resulted from the jury potentially hearing Tirado saying the word "gangsta" in the Facebook video. *See Commonwealth v. Johnson*, 668 A.2d 97, 103 (Pa. 1995) (holding that a mistrial is only warranted where the incident upon which the motion rests denies the defendant a fair trial); *Commonwealth v. Jones*, 668 A.2d 491, 505 (Pa.

1995) (determining that a mistrial is not necessary when a cautionary instruction sufficiently removes prejudice against a defendant).

Because we agree with the PCRA court's determination that no genuine issues of material fact existed to warrant an evidentiary hearing, we conclude that the PCRA court did not abuse its discretion in dismissing Tirado's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/9/2020